

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E.S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-2987
Re: Liability of a defendant, convicted in
the county court in a misdemeanor case,
for costs incurred upon a former trial
of the same case where he was found guilty,
but a new trial was granted.

Your request for an opinion of this department has
been received and carefully considered. We quote from your
request as follows:

"There has been tried in the County Court at
Law of Jefferson County a case styled State of
Texas vs. Milton Stanley, in which the defendant
was found guilty by a jury and assessed a fine of
$25.00, thirty days in jail and costs; the total
fine and costs amounting to $60.50.

"This defendant made motion for a new trial
which was granted, and in the new trial pled guilty
before the Court and was assessed a fine of $25.00
and costs, the total fine and costs in this new
trial amounting to $47.95.

"In the first trial it was necessary for us
to issue subpoenas, use a jury, and file papers,
causing the cost in the previous trial to run high-
er than the one tried by the Court on the plea of
guilty. My question is, should we collect the amount
of costs in the new trial, plus the fee of the issu-
ance of subpoenas, the jury fee, etc. in the former
trial, or should we collect only the fees earned in
the latter trial? Attorneys for the defendant are
contending that when the new trial is granted, all
the costs in the former trial are lost and the only
fees due are the fees incurred in the new trial."

Honorable K.S. Foreman, Page 2

As in civil cases, so in criminal prosecutions, costs are unknown at common law and are only given by virtue of statute. 7 R.C.L., p. 798.

Article 783, Texas Code of Criminal Procedure, 1925, reads in part as follows:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution,...."

We quote from the case of Overstreet vs. State (Court of Criminal Appeals of Texas) 15 SW (2d) 1039, (rehearing denied) as follows:

"Chapter 4, Title 15 of the C.C.P., prescribes the costs to be taxed against a defendant in misdemeanor cases....

"....We are satisfied that in this case appellant was convicted of a misdemeanor, in which case no costs of this trial are payable to any officer, out of State funds; nor do we find any provision in Chapter 3, Title 15, C.C.P., relating to costs, which would warrant holding the costs in a case like this payable out of county funds. Chapter 4 of said title, however, sets out in substance and at length that all costs in misdemeanor cases shall be taxed against the defendant...."

In taxing costs in a case in which the appellant has been convicted, items of expense which accrued in another case against appellant, pending in the same court, which has been dismissed should not be made a charge against him. McArthur vs. State, 41 Tex. Crim. Rep. 635, 57 SW 847; Texas Juris., Vol. 11, p. 392. Nor, in case of a conviction under a second information, should the appellant be taxed with the costs of the proceeding under the first information, this proceeding (under the first information) having been reversed on appeal. McKinney vs. State, 41 Tex. Crim. Rep. 413, 55 SW 337; Texas Juris., Vol. 11, p. 392.

In the case of McKinney vs. State, supra, the defendant at a former trial was convicted of a misdemeanor, and, on

Honorable B.S. Foreman, Page 3

appeal, the judgment was reversed, on account of a variance
between the information and complaint, and the county attor-
ney was ordered to file a new information. A new information
was filed, the trial was had under the new pleading and the
defendant again convicted. We quote from the opinion of the
Court in the case of McKinney vs. State, supra, on the sub-
sequent appeal, as follows:

> "Motion was made to retax costs. The cost
> bill includes all items accruing in the former
> prosecution, including the costs of this court on
> appeal. Under the Turner case, (Turner vs. State,
> 21 Tex. App. 198, 18 S.W. 96) supra, the filing
> of the new information was the commencement of a
> new proceeding, and all items of costs accruing
> prior to the filing of the second information
> should have been excluded...."

On the same principle, it has been held that, if an
indictment is quashed or dismissed for defects therein, and
on the trial of a second indictment for the same offense defen-
dant is ordered to pay the costs, the costs of the first in-
dictment cannot be included. 20 C.J.S., Costs, Sec. 454d.

However, where a subsequent trial is had after a mis-
trial, or failure of the jury to agree, or the grant of a new
trial, the defendant upon conviction is properly chargeable
with the costs of both trials. See Hill vs. State, 107 So. 789,
21 Ala. App. 310; Nicholson vs. State, 157 P. 1013, 24 Wyo.
347; State vs. Birch, 49 P. 2nd 921, 183 Wash. 670; 20 C.J.S.,
Costs, Sec. 454d.

We wish to call your particular attention to the
case of Nicholson vs. State, supra, where the court based its
holding on a Wyoming statute, substantially the same as Article
783, Texas Code of Criminal Procedure, 1925, supra. In the
Nicholson case, supra, the defendant was convicted of criminal
libel and sentenced to pay a fine and costs of prosecution.
There had been a mistrial of the case, the jury on the former
trial having failed to agree. In the judgment appealed from,
the costs of both trials were taxed against the defendant. The
defendant's motion to retax the costs of the mistrial as being
erroneously taxed against him was denied, from which ruling he
appealed. The Wyoming Supreme Court held the ruling to be cor-
rect, basing it on the following statute:

Honorable R.S. Foreman, Page 4

"In all cases of a conviction of an offense,
the court shall render judgment against the defen-
dant for the costs of prosecution." Sec. 6034,
(Wyo.) Comp. Stat. 1910.

We quote from the court's opinion, as follows:

"The prosecution was commenced by the filing
of the information and did not end until final
judgment was pronounced. Until then it was the
same prosecution, the same case, and the costs of
prosecution included all costs of such prosecution
in the trial court. It is the general rule that
when judgment is rendered against a party to an
action after he has secured a new trial on appeal
he should be taxed with the costs of the trial
court on the first trial as well as on the second
trial. Williams vs. Hughes, 139 N.C. 17, 51 S.E.
790."

In the case of State vs. Birch, supra, the defendant
was convicted of a misdemeanor, after which he moved for, and
was granted, a new trial, and was again convicted upon the
second trial. By the judgment of the trial court, the appell-
ant was required to pay all costs of prosecution for both the
first and second trials. In holding that the appellant was
correctly assessed with the costs of both trials, the Supreme
Court of Washington observed in its opinion as follows:

"It is proper that the costs should abide the
ultimate outcome of the prosecution."

You are respectfully advised that under the facts
stated in your request, it is the opinion of this department that
both trials of Milton Stanley, being based on the same informa-
tion, were parts of the same proceeding or prosecution, and
that the defendant, being liable for "all costs of the prosecu-
tion," is properly chargeable with the costs of both trials.
You should, therefore, collect the amount of costs in the new
trial, plus the fee of the issuance of subpoenas, the jury fee,
etc., in the former trial.

We respectfully wish to point out, however, that the
foregoing opinion is based on the assumption, from your request

Honorable E.B. Foreman, Page 5

letter, that both trials were based on the original informa-
tion. However, if after the motion for new trial was grant-
ed, the case was dismissed, a new information filed and the
second trial had upon the new information, the second trial
would constitute a separate and distinct proceeding or prose-
cution and, in such case, the defendant would be properly
chargeable with only the costs of the second trial.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Edgar Pfeil*

Edgar Pfeil
Assistant

EP:AW

APPROVED JAN 14, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

